[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION: CUSTODY
The marriage of the parties was dissolved by judgment on October 12, 2000, with the issue of custody and visitation having been bifurcated and reserved for further proceedings. This decision will be the judgment for those matters.
Dominick Guida, who was born on June 21, 1997, has the good fortune to have two intelligent, well educated, deeply loving, and highly concerned parents. They have agreed on many aspects of the parenting arrangements for him, including that they will have joint legal custody.[1] Their disagreements, while relatively minor, are significant enough to have required a trial. While there is no evidence that either party is anything but a fit parent, each has an inability to communicate with the other on even the most basic level concerning disagreements about parenting and access. This problem, if it persists into the future, will CT Page 10625 be an impediment to effective parenting and may implicate the best interests of the child. While the evidence does not reveal all of the causes for the difficulty in communication, it is reasonable to infer from the testimony that the plaintiff is protective of what she sees as her prerogatives and of the child, and that the defendant reacts defensively to what he sees as controlling behavior. Both are accomplished, articulate, personable professionals, each capable of treating the other with the same degree of respect as they do their colleagues or employees.
With the defendant's agreement, given reluctantly but not grudgingly, the plaintiff and Dominick relocated to New Jersey in April, 2000 so that the plaintiff could pursue her dental career closer to her extended family. The defendant remained in this area, where he had begun his own dental practice as a periodontist. They have had a plan of parental responsibility for the child throughout the pendency of the case which has worked well but not perfectly. Essentially, it provides that the father have parental responsibility for Dominick every other week from Thursday evening until Sunday evening and on certain holidays and vacation periods. The child has adjusted well to the living arrangements the parenting plan has created for him. Except for some severe respiratory illnesses and a hernia operation, he has experienced no significant medical problems. He did experience separation anxiety after moving to New Jersey secondary to the plaintiff's work schedule and his own enrollment in preschool, but that has resolved.[2] At no time was the separation anxiety associated with his visitation with the defendant.
The key issues presented in the present trial have to do with additional time sought by the father, transportation, and scheduling changes resulting from Dominick's impending enrollment in a third day of pre-school.
It is agreed by the parties and is found by the court that it is in the best interests of the child that he primarily reside with the plaintiff but that he have frequent and meaningful contact with the defendant which will increase over the years. It is in the child's best interests that he have significant involvement with both parties and their respective extended families. It is in the child's best interests that his schedule be consistent and predictable to him. It is in the child's best interests that his parents be able to communicate effectively regarding him.
The court has considered the testimony of the parties and the evidence, as well as the best interests of the child. The following orders will enter. CT Page 10626
1. The parties will have joint legal custody of the minor child, Dominick Guida, who was born on June 21, 1997. Both parties will have complete and unfettered access to all school records, and to all medical, dental, opthamological, psychological, and psychiatric records of the child. Access to medical, psychological, and psychiatric records of the child shall be limited to matters not covered by the patient privilege under Connecticut law if the child or an independent guardian ad litem acting on his behalf asserts such privilege, until a hearing on the privilege can be held. Each party is responsible for communicating directly with the school or health care provider, but each shall inform the other of the names and addresses of school personnel and health care providers, and of school activities and medical appointments which they anticipate to occur while the child is in their care. Specifically, the plaintiff will keep the defendant informed about school, athletic, and similar activities in which the child is involved as well as developments involving his physical health. The defendant shall have the right to participate in any school conferences or medical consultations, and shall be involved in decision making concerning Dominick's medical treatment. However, if a medical emergency or urgent medical condition occurs, the parent with whom the child is at that time shall make arrangements for the child's treatment, notifying the other immediately.
2. Each party shall notify the other of any plan to change his or her residence or the residence of Dominick ninety days in advance of the effective date of any such change. Each party shall provide the other with his or her residence, office, and cell phone numbers at all times.
3. The plaintiff shall be permitted to enroll Dominick in a preschool plan substantially in accord with the program she testified to at trial, including attendance on Friday.
4. At any time that Dominick is not attending preschool on Fridays, the defendant shall have parenting responsibilities from 7:30 p.m. on alternate Thursdays until 7:30 p.m. on the Sunday of that weekend, except as otherwise set forth herein. At any time that Dominick is attending preschool or school on Friday, the defendant shall have parenting responsibilities from 6:00 p.m. on Fridays until 7:30 p.m. on the Sunday of that weekend, except as otherwise set forth herein. The plaintiff will provide transportation to Connecticut at the commencement of visitation, and the defendant will provide transportation back to New Jersey at the conclusion of parenting responsibilities, except as otherwise agreed by the parties or as otherwise set forth herein.
5. Notwithstanding the provisions of Paragraph 4, the defendant shall have the right to exercise parenting responsibilities on alternate Fridays coinciding with his weekend when Dominick is attending preschool CT Page 10627 on Fridays, provided that he ensure that the child attends preschool on that day. If he elects to exercise parenting responsibilities on Fridays, he will be responsible for both bringing Dominick to Connecticut and for returning him to New Jersey. If he elects to do so, he must notify the plaintiff by the preceding Tuesday evening. The defendant shall have the right to determine, when making this election, whether to commence his parenting responsibilities beginning at 9:00 a.m. or at noon, provided that he give notice as set forth herein. When Dominick enters kindergarten, the defendant shall have the right to pick him up on Fridays after school.
6. Notwithstanding the provisions of Paragraph 4, the defendant shall have the right to elect to keep Dominick under his care through Monday evening at 7:30 p.m. if any of the following Monday holidays occurs during his access weekend: Columbus Day; Veteran's Day; Martin Luther King Day; President's Day; Memorial Day, or teacher's professional days when school is closed. Notice shall be given to the plaintiff by the prior Tuesday evening.
7. The defendant shall have the child for three weeks of vacation each summer, two of which shall be consecutive with each other and one of which shall not. The defendant shall have the child for one of the three school vacation weeks each year. The plaintiff shall have the child for two consecutive weeks of summer vacation each year during which the defendant's scheduled access will not occur. The parties will notify one another prior to May 1 each year of their respective summer vacation plans.
8. Regarding holidays, unless the parties otherwise agree, the following orders shall enter:
a. Thanksgiving: Parties will alternate Thanksgiving, with Dr. Guida having Thanksgiving in 2001. In any year the holiday occurs on the Thursday before his regularly scheduled weekend, then Dominick should be delivered to his residence or other designated place by noon on Thanksgiving day and returned by him by Sunday at 7:30 p.m. Otherwise, he should be delivered to the defendant by noon on Thanksgiving Day and returned by him by 3:30 on the following Friday.
b. Easter: Parties will alternate Easter, with Dr. Cassano having Easter in 2002. The party not celebrating the holiday shall deliver the child to the other by 6:00 on Easter Saturday, and the party celebrating the holiday shall return him by 7:30 on Easter Sunday.
c. Christmas Eve and Christmas Day: The parties have reached agreement concerning these holidays so that each will have one of them CT Page 10628 every year on an alternating basis. The party who will have the child on Christmas day will be responsible for transporting the child to his or her residence. The parties further have agreed that such Christmas holiday will be expanded in certain years.
d. Mother's Day and Father's Day: The child will be with the parent whose day it is. The parties are encouraged but not required to adjust regular visitation to allow a full weekend on those dates whenever possible. The party not observing the holiday shall deliver the child to the party observing the holiday at 6:00 p.m on the Saturday before the holiday. If the holiday is father's day, the defendant shall return him to the plaintiff by 7:30 p.m. on Sunday.
e. Miscellaneous holidays: On holidays not set forth above, such as July Fourth, the child will remain with whatever parent has him.
9. In addition to the foregoing, the defendant can have the child four additional days per year (two in 2001 and four in each subsequent year) from 9:00 a.m. until 7:30 p.m. for special occasions such as family celebrations, trips to a ball game or show, or similar things. On these days, he shall pick up and return the child. He shall give the plaintiff reasonable advance notice, but not less than ten days. These days should not interfere with the holiday schedule that has been ordered or with vacation periods except by agreement of the parties.
10. At any time that the defendant intends to exercise parenting time at a location other than his home or its reasonably close environs, he shall notify the plaintiff of his plans the evening prior to the time so that she can properly prepare the child. When either party is away from home with the child for more than two days, that party shall give the other the address and telephone number of the place where the child can be reached.
11. Neither party shall do anything which will cause the child to be estranged from the other. Both parties shall do everything possible to maintain in the child a respect and affection for the other parent. Both parties shall foster open communication between the child and the other parent.
12. While both parties have a right of privacy concerning their health, each will inform the other of any medical condition which affects his or her ability to provide care for Dominick.
13. Anticipating that the parties will improve their ability to communicate effectively with each other regarding Dominick, the court does not make any orders requiring them to seek counseling or similar CT Page 10629 services to improve that ability. Nevertheless, the court retains jurisdiction to enter orders on this subject without the showing of a substantial change in circumstances should the parties be unable to achieve effective communications skills.
JUDGMENT will enter accordingly.
BY THE COURT,
GRUENDEL, J.